UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  26-21088-CIV-DAMIAN

JOSE RONALDO JORDAN DELEON,

       Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,
*Garret Rippa, et al.,*

       Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before this Court on *pro se* Petitioner, Jose Ronaldo Jordan Deleon's ("Petitioner"), Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2241 [(the "Petition") [ECF No. 1], filed February 18, 2026. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 5] on February 27, 2026 [(the "Response") ECF No. 6]. Petitioner did not file a Reply as of the date of this Order.

THIS COURT has reviewed the Petition, the parties' briefing, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

### I.     BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in the parties' submissions. *See generally* Pet., Resp.

Petitioner is a native and citizen of Guatemala who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Krome North Service Processing Center. He first entered the United States on March 21, 2013, near Falfurrias, Texas, where U.S. Customs and Border Protection U.S. Customs and Border Protection ("CBP") encountered him. Petitioner was issued a Notice to Appear ("NTA") for removal

proceedings, but the NTA was dismissed on May 4, 2023. On July 29, 2025, local law enforcement officers in Collier County, Florida, arrested Petitioner for possession of drug paraphernalia, possession of cocaine, and operating a motor vehicle without a valid license. On October 7, 2025, Petitioner pled No Contest to the charges of Possession of a Controlled Substance and Possession or Use of Drug Paraphernalia. As part of this plea, adjudication was withheld on both counts, and Petitioner was sentenced to a term of twelve months of probation on the Possession of a Controlled Substance charge and six months of probation on the Possession or Use of Drug Paraphernalia charge.

On October 23, 2025, after Petitioner completed his criminal sentence, Petitioner was transferred to ICE custody. On that same date, Petitioner was issued another Notice to Appear, charging Petitioner with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) in that Petitioner was an alien present in the United States without being admitted or paroled, or who arrived in the United States at a time or place other than as designated by the Attorney General. Petitioner was also charged with inadmissibility pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) in that Petitioner was an immigrant, who at the time of application for admission, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act.

Petitioner remains in ICE custody at the Krome North Service Processing Center pending the conclusion of his removal proceedings. Petitioner requested a custody redetermination hearing, which was scheduled for January 21, 2026. On January 21, 2026, the Immigration Judge denied Petitioner's custody redetermination request, finding the court had no jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025). Petitioner requested a second custody redetermination hearing, which was scheduled for February 26, 2026. On that same date, the Immigration Judge took no action on the custody

redetermination request. Petitioner has not appealed either of these custody determination orders to the Board of Immigration Appeals ("BIA").

On February 18, 2026, Petitioner filed the instant habeas Petition, challenging his continued detention under 8 U.S.C. § 1225(b). In the Petition, Petitioner argues, generally, that he is entitled to a bond determination hearing and that 8 U.S.C. § 1226(a) applies to individuals in his circumstances, that is, aliens in the United States who were not lawfully admitted, rather than § 1225, which applies to aliens seeking admission to the United States. *See generally* Pet.

Respondents, on the other hand, argue that Petitioner is properly detained as an applicant for admission subject to mandatory detention pursuant to 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a). *See generally* Resp. Nonetheless, Respondents acknowledge that courts in this District, including the undersigned, have reached the opposite conclusion. *See id.* at 4 n.2 (citing cases concluding that jurisdiction is not barred by 8 U.S.C. § 1252, exhaustion was not required, and that the petitioner's detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)); *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (Dec. 23, 2025) ("[T]his Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b)).".

## II.    LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus. See* 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

3

### III.    DISCUSSION

At the outset, as noted by Respondents, this Court has previously addressed the issues raised in the Petition in this case in numerous other cases,[1] and as previously indicated, the undersigned agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). As the Eleventh Circuit recently acknowledged, the majority of District Courts throughout the country that have analyzed this issue have rejected the Government's position in *Matter of Hurtado*, and "the federal appellate courts are divided as to the applicability of §§ 1225(a) and 1226(a)." *Labrada-Hechavarria v. U.S. Att'y Gen.*, No. 23-13664, 2026 WL 496486, at *2 (11th Cir. Feb. 23, 2026).[2] This Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

---

[1] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026).

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

This Court points out that it is aware that in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit adopted the BIA's analysis in *Matter of Yajure Hurtado*. This Court is also aware that the Respondents have appealed to the Eleventh Circuit district court judgments that 8 U.S.C. § 1226(a) governs detentions under circumstances similar to those presented here. *See Hernandez Alvarez v. Warden, Federal Detention Center Miami*, No. 25-14065 (11th Cir.), and *Cerro Perez v. Assistant Field Office Director*, No. 25-14075 (11th Cir.). In the absence of a binding decision from the Eleventh Circuit or the United States Supreme Court, this Court's analysis does not change based on these cases.

This Court has also previously addressed Respondents' argument regarding the failure to exhaust administrative remedies under circumstances like those presented here. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to his recent detention, but has not been admitted or paroled, will be subject to mandatory detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure*

*Hurtado*, 29 I. & N. Dec. at 221. Many other courts, including those in this District, have found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-cv-25290, 2025 WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9–10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition.

Because this Court finds in favor of Petitioner on the first grounds raised in the Petition and will grant the relief he seeks, this Court declines to analyze the other bases for relief asserted in the Petition.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the immigration court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **Monday, April 13, 2026**. It is further

**ORDERED** that on or before **April 23, 2026**, Petitioner shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court. All pending motions, if any, are **DENIED AS MOOT**.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 3rd day of April, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of Record

**Jose Ronaldo Jordan Deleon,** *Pro Se,*
A# 205852197
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194